IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMERON A. HARINARAIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT GILMORE, *et al.* | : | NO.  14-6791 |

MEMORANDUM

RESTREPO, J.                                                    DECEMBER 15, 2014

Petitioner, Cameron A. Harinarain, has filed a *pro se* Petition for Writ of Habeas Corpus

filed under 28 U.S.C. § 2254.  Petitioner is incarcerated at the State Correctional Institution in

Waynesburg, Pennsylvania ("SCI-Greene").

Title 28 U.S.C. § 2241(d) provides in pertinent part:

> Where an application for a writ of habeas corpus is made by a
> person in custody under the judgment and sentence of a State court of
> a State which contains two or more federal judicial districts, the
> application may be filed in the district court for the district wherein
> such person is in custody or in the district court for the district within
> which the State court was held which convicted and sentenced him
> and each of such district courts shall have concurrent jurisdiction to
> entertain the application.

Thus, a habeas petition may be filed in either the district of confinement or the district of

conviction.  *See Gellock v. Freeman*, 1987 WL 7208, *1 (E.D. Pa. 1987).

Here, the habeas petition challenges a conviction and sentence imposed in the

Court of Common Pleas of Pike County, Pennsylvania,[1] which is located in the Middle District

---

1.  Petitioner states that he was convicted of Second-Degree Murder, Robbery, Burglary, and
several counts of Conspiracy, and on March 19, 2009, he was sentenced to life in prison.  *See*
Hab. Pet. 1.

of Pennsylvania, *see* 28 U.S.C. § 118(b) (identifying the counties that make up the Middle

District, including Pike County); *Juaquee v. Pike County Correctional Facility Employees*, 2013

WL 432611, *1 (M.D. Pa. 2013) (where a civil rights case was transferred from the Eastern

District to the Middle District since that is where Pike County is located).  Furthermore,

petitioner is incarcerated at SCI-Greene, which is located in the Western District of

Pennsylvania, *see Casiano-Fernandez v. Folino*, 2014 WL 4968292, *1 (M.D. Pa. 2014)

(observing that SCI-Greene is located within the confines of the Western District).  Since

petitioner was neither convicted in nor incarcerated in the Eastern District of Pennsylvania,[2]

petitioner improperly filed his petition in this Court.  *See Oliverio v. Mazurkiewicz*, 1986 WL

10667, *1 (E.D. Pa. 1986); *Williams v. Carey*, 1998 WL 227146, *1 (N.D. Cal. 1998).

Where a petitioner fails to file a habeas petition in the proper federal district court,

the Court may, in the interest of justice, transfer the petition to a district which has jurisdiction

over the petition.  *See Oliverio*, 1986 WL 10667, at *1; *Williams*, 1998 WL 227146, at *1.

Petitions challenging a conviction preferably are heard in the district of conviction.  *See Daniels

v. Mahally*, 2014 WL 4187517, *2 (M.D. Pa. 2014) (citing cases) ("[T]he United States District

Courts for Pennsylvania's three federal judicial districts have customarily transferred petitions of

this type to the district of conviction for substantive habeas proceedings."); *Steele v. Fulcomer*,

1990 WL 6084, *1 (E.D. Pa. 1990) (observing long-standing policy of federal courts in

Pennsylvania to transfer habeas petitions to the district where petitioner was convicted).  Here,

since the Middle District of Pennsylvania is the district of conviction, that is where petitioner

---

2.  The Eastern District comprises the counties of Berks, Bucks, Chester, Delaware, Lancaster,
Lehigh, Montgomery, Northampton, and Philadelphia.  28 U.S.C. § 118(a).

should have filed his petition, pursuant to 28 U.S.C. § 2241(d).  Accordingly, because petitioner

is proceeding *pro se* and in order to avoid the delay that would be caused by dismissal of the

petition, the petition is transferred in the interest of justice to the United States District Court for

the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).[3]  *See Oliverio*, 1986 WL

10667, at *1; *Williams*, 1998 WL 227146, at *1.

        An appropriate Order follows.

---

3.  Section 1404(a) of Title 28 grants district courts discretion to transfer cases, "in the interest of justice," to a district where the case might have been brought.  *See* 28 U.S.C. § 1404(a).